UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTOINETTE KEATON,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF REHABILITATION SERVICES, DAVID JOHNSON, and LYNN FRITH,<br>    Defendants. | No. 3:17-CV-1492 (MPS) |

## RULING ON MOTION TO DISMISS

Plaintiff Antoinette H. Keaton filed this action against Defendants the State of Connecticut Department of Rehabilitation Services ("DORS"), David Johnson, and Lynn Frith, after she was denied a promotion to the position of Senior Vocational Rehabilitation Counselor. Defendants move to dismiss the complaint, which sets forth claims for deprivation of Keaton's rights by each Defendant, respectively, under 42 U.S.C. § 1983 (Counts One, Three, and Five) and 42 U.S.C. § 1981 (Counts Two, Four, and Six) based on theories of retaliation, discriminatory failure to promote, and hostile work environment. (ECF No. 1-1.) Keaton seeks compensatory and punitive damages and an order placing Keaton in the position of Senior Vocational Rehabilitation Counselor, among other relief.

Because this case is duplicative of another action Keaton has filed, which remains pending in this Court, I GRANT the motion to dismiss.

### I.    Background

The complaint alleges that Keaton, an African-American woman, was subject to a "continuous course of discriminatory conduct" while employed at DORS, "including the denial of a promotion to the position of Senior Vocational Rehabilitation Counselor." (ECF No. 1-1 ¶¶ 1, 4.) The allegations in the complaint are virtually identical to those set forth in another case pending

1

before me, *Keaton v. DORS*, No. 3:16-CV-1810 (MPS) (hereinafter *Keaton I*). I therefore assume familiarity with the underlying facts as set forth in the Court's ruling on the motion to dismiss in *Keaton I* (No. 16-CV-1810, ECF No. 61), and recount only those additional facts that are relevant to the instant motion.

On October 5, 2016, Plaintiff filed *Keaton I* against DORS, Johnson, and Frith, asserting claims of failure to promote, harassment, retaliation, and hostile work environment, in violation of state law and Title VII, arising out of her employment relationship with DORS. (*Keaton I*, ECF No. 1-1.). Keaton later filed an amended complaint in that case, but the amended complaint named only "the State of Connecticut" as a defendant. (*Keaton I*, ECF No. 29.) As a result, Keaton was provided seven days within which she could file a new amended complaint naming other defendants. The order warned that if she failed to file such an amended complaint, the Court would terminate the other parties named in the original complaint, but omitted from the caption in the amended complaint. (*Keaton I*, ECF No. 30.) Keaton failed to file an amended complaint within the time allotted, after which the Court, pursuant to its prior order, terminated DORS, Frith, and Johnson as defendants.

After the seven-day window had closed, in contravention of the Court's order, Keaton filed a new amended complaint, again naming the State of Connecticut, DORS, Frith, and Johnson as defendants. (*Keaton I*, ECF No. 33.) During a telephonic status conference, the parties agreed that the proper organizational defendant was DORS, and the Court reinstated DORS as a defendant and terminated the State of Connecticut. The Court also clarified that the amended complaint Keaton filed after the close of the seven-day window, naming Frith and Johnson as defendants in addition to DORS, was *not* the operative complaint, and ordered that document stricken. (*Keaton I*, ECF No. 35.)

After previously moving to dismiss the prior version of the complaint, DORS filed an amended motion to dismiss the operative complaint in *Keaton I*. (*Keaton I*, ECF No. 36.) Keaton failed to respond timely to the amended motion to dismiss, despite being granted an extension of time to do so. (*Keaton I*, ECF No. 41.) The Court ordered Plaintiff to show cause why sanctions should not be imposed for repeated failure to comply with court-ordered deadlines. (*Id.*) The Court ultimately declined to impose sanctions but warned that repeated failures to comply with Court orders would be considered in deciding whether to impose sanctions in the future, in the event of other missed deadlines. (*Keaton I*, ECF No. 46.)

After briefing was completed on the motion to dismiss, and based on Plaintiff's representations that she could re-plead sufficient facts to address the defects discussed in DORS's motion, the Court allowed Keaton one final opportunity to amend her complaint. (*Keaton I*, ECF No. 49.) Keaton filed a Second Amended Complaint—one day after the deadline provided—naming only DORS as a defendant. (*Keaton I*, ECF No. 50.) On June 30, 2017, DORS renewed its motion to dismiss with respect to the Second Amended Complaint. (*Keaton I*, ECF No. 54.) That motion was fully briefed on August 11, 2017. (*Keaton I*, ECF No. 58.)

Meanwhile, Plaintiff filed this lawsuit in state court on July 31, 2017, alleging violations of 42 U.S.C. § 1981 and § 1983 against Defendants DORS, Johnson, and Frith arising out of her employment at DORS. (ECF No. 1-1.) Specifically, Keaton alleges that she was denied a promotion to the position of Senior Vocational Rehabilitation Counselor, suffered adverse employment actions in retaliation for speaking out about DORS's treatment of minority employees, and experienced a hostile work environment while employed at DORS. (ECF No. 1-1).

The Court granted in part and denied in part the motion to dismiss the Second Amended Complaint in *Keaton I*. (*Keaton I*, ECF No. 61.) I dismissed Keaton's claim that DORS discriminated against her in violation of 42 U.S.C. § 1981, as I found that the Eleventh Amendment barred the Court from exercising jurisdiction over that claim. I found that Keaton failed to state a claim for hostile work environment under Title VII, and dismissed that claim. I also dismissed Keaton's claim for punitive damages. I denied the motion to dismiss, however, with respect to Keaton's failure-to-promote and retaliation claims against DORS. (*Id.*) Discovery is ongoing in *Keaton I* as to those claims.

Before me is Defendants' motion to dismiss the complaint in this action. Defendants argue that this lawsuit is entirely duplicative of *Keaton I*, and that Keaton filed this lawsuit in an attempt to avoid the Court's orders in her first lawsuit. Defendants raise several other arguments on the merits in support of the motion to dismiss: that Keaton's claims against DORS are barred by the Eleventh Amendment; that Keaton's Section 1981 claims fail because there is no private cause of action against state actors under that statute; that Keaton may not enforce Title VII or the Connecticut Fair Employment Practices Act ("CFEPA") through Section 1983; that Keaton's claims are time-barred; that Frith and Johnson are entitled to qualified immunity; and that Keaton fails to state a plausible claim for relief. Because I find that this case must be dismissed as duplicative of Keaton's first-filed suit, I need not reach these other arguments.

**II.     Discussion**

Plaintiff does not appear to dispute that this case is duplicative of *Keaton I*. Rather, she argues that if the Court finds that it is duplicative, the Court should exercise its discretion to consolidate the two actions or stay this action. (*See* ECF No. 28 at 5.) I agree with Defendants that the two suits are duplicative and that this suit should be dismissed as a result.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "While the rule against duplicative litigation is distinct from claim preclusion . . ., the former analysis borrows from the latter to 'assess whether the second suit raises issues that should have been brought in the first.'" *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 Fed. Appx. 47, 48 (2d Cir. 2013) (quoting *Curtis*, 226 F.3d at 139-40). Thus, two cases need not have "identical facts, legal theories, and remedies" to be duplicative. *Davis*, 534 Fed. Appx. at 48. Rather, courts determining whether litigation is duplicative consider "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id*. (quoting *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000)). "[S]imple dismissal" is a "common disposition" of a second-filed, duplicative suit, as "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139.

In *Davis*, the Second Circuit held that the district court properly concluded that the plaintiff's complaint, in which she alleged violations of the False Claims Act, was duplicative of a pending Title VII action against her former employer, as the suits were both based on allegations that the plaintiff reported co-worker misconduct to certain individuals and suffered specific adverse employment actions in retaliation for her complaints. *Davis*, 534 Fed. Appx. at 48-49. Here, as in *Davis*, "the facts alleged in the two complaints are not simply related in time, space and origin. They are nearly identical." *Id*. at 48. All of the facts alleged in this suit were alleged in *Keaton I*; in fact, many of the allegations in this case repeat those in *Keaton I* verbatim. The cases are based on the same alleged discriminatory conduct by the same actors, including the same

alleged adverse actions and harassment. All of the allegations in this case therefore arose before *Keaton I* was filed, and any claims based on those allegations could have been included in the complaint in *Keaton I. Cf. Curtis*, 226 F.3d at 140 (finding an abuse of discretion in dismissal of claims based on events arising *after* the first suit was filed). The two suits therefore share a common inquiry: whether Keaton was denied a promotion on the basis of race, whether individuals at DORS had a "legitimate and lawful reason for taking the adverse employment actions of which [Keaton] complains," *Davis*, 534 Fed. Appx. at 48, and whether Keaton was subject to a hostile work environment at DORS. Thus, the two suits also would have formed a "convenient trial unit" and addressing all of Keaton's claims in one litigation would have "conformed to the parties' expectations," regardless of the fact that the two complaints allege different legal theories. *Id.* at 48-49 (alterations omitted); *see also Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (affirming dismissal of complaint as barred by res judicata despite plaintiff's raising new theory of discrimination, as both suits were based on the same events during plaintiff's employment by defendant).

That Frith and Johnson are not currently named defendants in *Keaton I* does not detract from the conclusion that the two suits are duplicative. Frith and Johnson—DORS employees whose conduct is the focus of *Keaton I*—are "in privity with the defendant[] named in the original complaint," as they were employees of DORS at the relevant time, "and their interests are adequately represented by those in the first suit who are vested with the authority of representation." *DiGennaro v. Whitehair*, 467 Fed. Appx. 42, 44 (2d Cir. 2012) (affirming dismissal of complaint against town police officers as duplicative of pending suit against the town and other members of the police department) (internal quotations omitted); *see also Barclay v. Lowe*, 131 Fed. Appx. 778, 779 (2d Cir. 2005) (affirming dismissal of duplicative suit, where

6

plaintiff named different defendants in second suit, because the defendants in the second suit were in privity with those in the first suit). I therefore find that this action is duplicative of *Keaton I*.

The procedural history of the two suits at issue here—and in particular, Plaintiff's failure to name Frith and Johnson as defendants in *Keaton I* in a timely manner—counsels in favor of dismissal, rather than consolidating or staying this action. The Second Circuit has held that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause," and that dismissal is appropriate where the plaintiff resorts to filing a second lawsuit rather than complying with deadlines. *DiGennaro*, 467 Fed. Appx. at 43 (holding that the district court did not abuse its discretion in finding the plaintiff failed to demonstrate good cause for circumventing the scheduling order by filing a second lawsuit rather than timely moving to amend the complaint in the first lawsuit) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)); *see also Davis*, 534 Fed. Appx. at 49 (finding "no error in the district court's determination that [plaintiff's] second filing was an attempt to avoid the consequences of delay in amending her initial complaint").

Keaton has not established good cause for repeatedly failing to comply with scheduling orders in *Keaton I*. (*See e.g.*, *Keaton I*, ECF No. 61 (considering imposing sanctions against Plaintiff's former counsel for repeated failures—even after multiple warnings—to follow court orders).) Moreover, she provides no reasoning for her decision not to name Frith and Johnson as defendants in the operative complaint in *Keaton I*, despite being given several opportunities to amend the complaint, even after missing court-ordered deadlines.

Plaintiff concedes that she filed this lawsuit against Frith and Johnson in state court because they were terminated from *Keaton I* after she failed to timely name them as defendants in her

7

amended complaint. Keaton maintains that her decision to file this action in state court was the result of her former counsel's greater "familiar[ity] with the procedure and practices in State Court" (ECF No. 28 at 6), and her firm belief that "Frith and Johnson were primarily responsible for the culture at DORS," and "that they should be accountable for their actions." (*Id*. at 3.) These rationales do not amount to good cause for Keaton's failure to comply with court-imposed deadlines in *Keaton I*, and the fact that Keaton now urges the Court to consolidate the actions is further evidence of her intent to circumvent the Court's orders in *Keaton I* and revive claims against Frith and Johnson after they were dismissed in that action. (*See* ECF No. 28 at 17.)

Allowing this suit to proceed would send the message that after litigants fail to comply with court orders, they may file identical lawsuits in another court to avoid the consequences of their non-compliance and reinstate dismissed claims. *See Curtis*, 226 F.3d at 140 ("By filing them in a second action, plaintiffs attempted to avoid the consequences of their delay."). Thus, it would undermine the policy underlying the rule against duplicative litigation, which is "meant to protect parties from the vexation of concurrent litigation over the same subject matter." *Id*. at 138 (internal quotation marks omitted); *see also Hubert v. Dep't of Corr.*, No. 3:17-cv-248 (VAB), 2018 WL 1582511, at *5-6 (D. Conn. Mar. 30, 2018) (declining to consolidate duplicative claims). I therefore decline to exercise my discretion to consolidate these actions or stay this action until the conclusion of *Keaton I*, and find that dismissal of this action is appropriate.

**III. Conclusion**

For the reasons stated above, the motion to dismiss is GRANTED. The case is DISMISSED.

IT IS SO ORDERED.

                                      /s/
                            Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
             August 2, 2018